Lin v. Holder

BIA
Elstein, IJ
A093 396 998

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of March, two thousand twelve.

PRESENT:
        ROSEMARY S. POOLER,
        RICHARD C. WESLEY,
        GERARD E. LYNCH,
            *Circuit Judges.*
_____

CHANG LE LIN,
        *Petitioner,*

                                        10-2011-ag
        v.                              NAC


ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:         Thomas V. Massucci, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Lyle D. Jentzer, Senior Litigation Counsel; Edward J. Duffy, Trial Attorney, Office of

**Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner, Chang Le Lin, a native and citizen of China, seeks review of an April 23, 2010, decision of the BIA affirming the May 5, 2008, decision of Immigration Judge ("IJ") Annette S. Elstein denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chang Le Lin*, No. A093 396 998 (B.I.A. April 23, 2010), *aff'g* No. A093 396 998 (Immig. Ct. N.Y. City May 5, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, we lack jurisdiction to review the agency's pretermission of Lin's asylum application as untimely because Lin challenges only the IJ's factual findings regarding when and where he arrived in the United States. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 326-29 (2d Cir. 2006) (holding that a question of law is *not* implicated "when the petition for review essentially disputes the correctness of the IJ's fact-finding"). Thus, we dismiss Lin's petition for review with respect to his asylum claim. Because Lin does not challenge the denial of CAT relief, we address only the agency's denial of withholding of removal.

The agency did not err in concluding that Lin failed to meet his burden of proof in demonstrating that he suffered persecution or faced a likelihood of persecution on account of his "other resistance" to China's family planning policy. Lin was not *per se* eligible for asylum solely on the basis of his wife's forced sterilization, but he could have qualified for relief by demonstrating that: (1) he engaged in "other resistance" to the family planning policy; and (2) he suffered harm rising to the level of persecution or has a well-founded fear of suffering such harm as a direct result of his resistance. *See Shi Liang Lin v. U.S. Dep't*

3

*of Justice*, 494 F.3d 296, 309-310, 313 (2d Cir. 2007).  The agency reasonably found, however, that the harms Lin allegedly suffered did not constitute persecution.  The agency reasonably determined that Lin's physical mistreatment did not constitute past persecution, as Lin was not detained at the time, and acknowledged that he did not need to seek any medical treatment.  *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (holding that "the difference between harassment and persecution is necessarily one of degree that must be decided on a case-by-case basis"); *Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (holding that a minor beating by family planning officials prior to arrest and detention by police, and carried out without any intention to arrest or detain, need not constitute persecution).

In addition, the agency reasonably determined that the fine imposed on Lin and his wife for their violation of the family planning policy did not constitute persecution, as Lin did not argue or present evidence of any economic disadvantage or deprivation suffered as a result of the fine.  *See Matter of T-Z-*, 24 I. & N. Dec. 163, 170-71 (BIA 2007) (defining persecution as including "the deliberate imposition of a severe economic disadvantage or the

4

deprivation of liberty, food, housing, employment or other essentials of life."); *see also Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 67 (2d Cir. 2002) (requiring at least a showing of a "deliberate imposition of a substantial economic disadvantage").

Thus, because Lin does not present any argument, apart from past harm, as to why he would face persecution upon return to China, the agency reasonably determined that he did not establish his eligibility for withholding of removal. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178, 183-86 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk